**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **JENNINGS HOTEL L L C** | **CASE NO. 2:26-CV-00747** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SURECHOICE UNDERWRITERS RECIPROCAL EXCHANGE** | **MAGISTRATE JUDGE LEBLANC** |

# MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 17] filed by defendant Surechoice Underwriters Reciprocal Exchange ("Surechoice"), seeking dismissal of this action without prejudice for lack of subject matter jurisdiction. Specifically, Surechoice shows that both it and plaintiff Jennings Hotel LLC have Louisiana citizenship even though this action was filed in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.[1] Surechoice also shows that plaintiff has a pending action against it in state court, which is substantially identical to the federal complaint as it concerns the same policy, property, alleged loss, and insurance claim. Doc. 17, att. 4. Accordingly, it requests that the matter be dismissed without prejudice and that "all costs associated with the filing of this motion" be assessed against plaintiff. Doc. 17, att. 1, p. 4.

Plaintiff does not oppose the jurisdictional allegations or the request that the court dismiss this matter without prejudice. Doc. 19. Instead, it opposes the motion to the extent that it requests (1) any order of dismissal should reflect that it was only entered on defendant's motion, and not as a voluntary dismissal and (2) costs and fees should not be assessed against plaintiff. *Id.* It expressly

[1] Plaintiff admits that it is a citizen of Louisiana because all of its members are citizens of this state. Doc. 1, ¶ 1; *see Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (for diversity jurisdiction purposes, an LLC's citizenship is determined by the citizenship of all of its members). Meanwhile, Surechoice's Diversity Jurisdiction Disclosure Statement reveals that it is a member-owned, unincorporated association and thus considered a citizen of every state in which any of its subscribers are domiciled. Doc. 11.

"does not ask this Court to make any finding regarding, or to otherwise address, the state court proceeding." Doc. 19, p. 2. In reply, Surechoice does not object to the requests that the matter be dismissed upon its motion or that no award of attorney fees be made. Doc. 20. But it requests that the court enter an award of costs under 28 U.S.C. § 1919, which provides that the court "**may** award the payment of just costs" when an action is dismissed "for want of jurisdiction." 28 U.S.C. § 1919 (emphasis added); *see Laufer v. Mann Hosp., LLC*, 996 F.3d 269 (5th Cir. 2021) (confirming that costs, but not attorney fees, are recoverable under this statute). It also asks that the court refrain from "addressing or making any determination concerning the timeliness of Plaintiff's State Action or the alleged interruption of prescription." Doc. 20, p. 4.

The court agrees that this matter must be dismissed, at defendant's motion, for lack of jurisdiction. The motion [doc. 17] will therefore be **GRANTED** to that extent. The request for costs and fees [*id.*] will be **DENIED**, as attorney fees are not authorized and any award of costs at this early stage of the action would be *de minimis*. The court makes no findings regarding the state court action, which is the appropriate forum to resolve any disputes regarding timeliness.

**THUS DONE AND SIGNED** in Chambers on the 15th day of October, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**